**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 26-cv-01459-NYW

JAIRO REYES GRAMAJO,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
MARKWAYNE MULLIN, in his official capacity,
TODD BLANCHE, in his official capacity, and
ICE FOD,

     Respondents.

---

## MEMORANDUM OPINION AND ORDER
_____

This matter is before the Court on the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") [Doc. 1], filed pro se[1] by Petitioner Jairo Reyes Gramajo ("Petitioner" or "Mr. Reyes Gramajo"). Respondents filed a consolidated response. [Doc. 21]. For the following reasons, the Petition is respectfully **DISMISSED without prejudice**.

### BACKGROUND

Mr. Reyes Gramajo is a native and citizen of Guatemala. [Doc. 21-1 at ¶ 4]. He initiated this action while detained by United States Immigration and Customs

---

[1] Because Petitioner proceeds pro se, the Court liberally construes his filings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to Petitioner as to a represented party, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

1

Enforcement ("ICE") at an immigration detention facility in Aurora, Colorado. [Doc. 1 at 1–2]. He alleges that he was ordered removed from the United States on August 12, 2025, and he claims his ongoing detention is unconstitutional. [*Id*. at 8 ¶ 8; *id*. at 2, 9–15]. Mr. Reyes Gramajo seeks an order requiring his immediate release. [*Id*. at 4].

Respondents contend that the Petition should be dismissed as moot. *See* [Doc. 21]. They assert that Mr. Reyes Gramajo is no longer in their custody because he was removed from the United States to his home country of Guatemala on April 11, 2026, pursuant to a final order of removal. [*Id*. at 1, 4–6]. Respondents support these assertions with a sworn Declaration of John Mansur, a Deportation Officer assigned to Petitioner's case. *See* [Doc. 21-1 at ¶¶ 1–3].

## ANALYSIS

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "In deciding whether a case is moot, the crucial question is whether granting a present determination of the issues offered will have some effect in the real world. When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (quotation omitted). At all stages of the case, the parties must have a "personal stake in the outcome of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quotation omitted). Federal courts have no authority to opine on a question that is moot due to events that occur during the pendency of the action. *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992).

2

When a habeas petitioner has been released from custody, the petition must be dismissed as moot unless one of the following exceptions to the mootness doctrine applies:  "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit."  *Riley v. Immigr. & Naturalization Serv.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (quotation omitted).

The record before the Court indicates that Petitioner was removed from the United States to Guatemala in 2012, pursuant to an order of removal issued by an Immigration Judge ("IJ").  [Doc. 21-1 at ¶¶ 5, 6].  In 2015, Petitioner reentered the United States, the prior order of removal was reinstated, and he was removed to Guatemala.  [*Id.* ¶¶ 7, 8, 10].  At some point, Petitioner reentered the United States again, and ICE officers encountered him on May 29, 2024.  [*Id.* ¶ 11].  ICE reinstated the prior order of removal and detained Petitioner pending his removal to Guatemala.  [*Id.* ¶¶ 11, 12].  Petitioner then applied for asylum and withholding of removal from the immigration court.  [*Id.* ¶ 16].  After a hearing, the IJ denied the application in a written decision issued August 18, 2025.  [*Id.* ¶¶ 17–18].  Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA").  [*Id.* ¶ 19].  On March 30, 2026, the BIA affirmed the IJ's decision.  [*Id.* ¶ 22; *id.* at 9].  Mr. Reyes Gramajo's order of removal became administratively final at that time.  *See* 8 C.F.R. § 1241.1(d) (providing that an order of removal by an immigration judge becomes final upon a BIA decision ordering removal); *id.* § 1003.1(e)(4) (noting that an affirmance without opinion means that the IJ's decision is "the final agency determination").  On April

11, 2026, he was removed to Guatemala pursuant to his final order of removal. [Doc. 21-1 at ¶ 23].

In the Petition, Mr. Reyes Gramajo challenges the legality of his ongoing detention and requests release from ICE custody. [Doc. 1 at 2, 4, 9–15]. But the record demonstrates that he is no longer in Respondents' custody and has been removed to Guatemala. Additionally, mail sent to Petitioner at the ICE detention center has been returned by the United States Postal Service with an indication that he is no longer detained there. *See* [Docs. 11–12, 14–18, 22]. Mr. Reyes Gramajo makes no argument in the Petition to demonstrate this case would remain a live controversy after his release and removal.

Moreover, the Court finds no indication in the record that any of the exceptions to the mootness doctrine recognized in *Riley* apply. Because Mr. Reyes Gramajo is no longer in the United States, he has no reasonable expectation that he will once again be detained by ICE in the future. And his "inability to return to the United States is a continuing injury that stems from his removal order, not his detention." *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006). As a result, Petitioner's claims challenging the lawfulness of his detention are moot. The Court respectfully concludes that this action must be **DISMISSED without prejudice** for lack of subject matter jurisdiction. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").

4

## CONCLUSION

Accordingly, it is **ORDERED** that:

(1)    The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241

[Doc. 1] is **DISMISSED without prejudice**; and

(2)    The Clerk of Court is **DIRECTED** to **TERMINATE** this case.

DATED:  July 14, 2026                          BY THE COURT:

_____
Nina Y. Wang
United States District Judge